

CHAMBERS OF
TIMOTHY M. REIF
JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
ONE FEDERAL PLAZA
NEW YORK, N.Y. 10278-0001

March 5, 2025

**VIA CM/ECF**

      Re:    *Bio-Lab, Inc. et al v. United States*
              Consol. Court No. 24-00024

Dear Counsel:

      Oral argument in this action is scheduled for March 12, 2025, at 10:00 am ET in Courtroom No. 1 of the U.S. Court of International Trade, One Federal Plaza, New York, New York, with the option to appear via video conference. In preparation for oral argument, the court would like counsel to be prepared to address the issues noted below. As the court continues to review the documents in this case or as the argument progresses, the court may decide to ask additional questions.

      Please be advised that the court prefers to conduct oral argument interactively, allowing each party to respond to the question presented before moving on to the next question. To facilitate this interaction, counsel are welcome to remain seated for the duration of the hearing. Any counsel who intends to participate virtually via video conference is instructed to inform the case manager, Lewis Hugh, and is further instructed to test their Internet connection, audio performance and video performance prior to joining the oral argument. If counsel experience any difficulties during the test, the court instructs counsel to connect to the oral argument through the provided telephone dial-in. In this case, counsel may also choose to connect with their computer camera but must speak through the telephone. Finally, anyone who joins via video conference is instructed to turn their camera on and to remain visible to the court throughout the duration of the oral argument.

      Please be advised that the use of personal devices with screens is prohibited in the courtroom during the duration of the oral argument.

      For the oral argument, the court would like parties to focus primarily on the following issues:

I.  **Commerce's consideration of Romania as the primary surrogate country**

Consolidated plaintiffs allege that Commerce "relied upon Romania as the primary surrogate country in this review" even though "Romania was not timely suggested as a potential surrogate country by any party."  Consol. Pls. Br. at 4.  Consolidated plaintiffs explain that "[p]etitioner[s] only suggested Romania as a potential primary surrogate country in its final surrogate value submission and Preliminary Comments–some 6 months after the surrogate country comment deadline."  *Id.* at 5.

Parties, please address whether petitioners' initial surrogate value data submission, dated December 19, 2022, constituted a suggestion that Commerce select Romania as the primary surrogate country.  *See* Letter from Pet'rs, "Initial Surrogate Value Data" (Dec. 19, 2022) at 4, PR 45, 47, PJA Tab 7 ("In the event . . . that Commerce departs from the use of Mexico with respect to any of the surrogate values, there is actual production of chlorine, caustic soda, and downstream derivatives in Romania.").

II.  **Commerce's interpretation of 19 U.S.C. § 1677b(c)(4)**

Plaintiffs argue that Commerce failed to implement the twin requirements of 19 U.S.C. § 1677b(c)(4).  Pls. Br. at 10.  Plaintiffs explain that "[t]he statute plainly does not prioritize economic comparability over merchandise comparability, which is consistent with the legislative history of this provision."  *Id.*

Parties, please address:

A.  Whether the sequential approach set forth in Policy Bulletin 04.1 is aligned with the "best reading" of 19 U.S.C. § 1677b(c)(4).  *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395 (2024).

B.  How to read this Court's precedent with respect to the sequential approach.  *See, e.g., Fresh Garlic Producers Ass'n v. United States*, 39 CIT __, __, 121 F. Supp. 3d 1313, 1341 (2015); *Jacobi Carbons AB v. United States*, 41 CIT __, __, 222 F. Supp. 3d 1159, 1172 (2017).

III.  **Commerce's selection of Romania instead of Mexico**

A.  Parties dispute whether calcium hypochlorite and sodium hypochlorite share similar physical characteristics with chlorinated isos.

2

      1.      Please address whether cyanuric acid ("CYA") is a "major input" pursuant to Policy Bulletin 04.1.

      2.      Please address whether the definition of "major inputs" applies only to merchandise within the category of "processed agricultural, aquatic and mineral products." Policy Bulletin 04.1.

      3.      Please address whether chlorinated isos are categorized correctly as "industrial commodity chemicals" pursuant to Policy Bulletin 04.1.

      4.      Plaintiffs assert that calcium and sodium hypochlorite are classified in Chapter 28 of the HTSUS under "inorganic chemicals" and that chlorinated isos are classified in Chapter 29 of the HTSUS under "organic chemicals." Pls. Br. at 26. Parties, please explain the significance of this fact to the physical characteristics inquiry.

B.      Parties dispute whether calcium hypochlorite and sodium hypochlorite share a similar production process with chlorinated isos.

      1.      Please address the sufficiency of Commerce's explanation that the production process for sodium hypochlorite is similar to the production process for chlorinated isos "because it too involves a multi-stage production process requiring the production of two of the three same intermediate inputs, caustic soda and chlorine." IDM at 8.

      2.      Please address whether Commerce explained adequately that both sodium hypochlorite and chlorinated isos require "electrolysis, evaporation, and chlorine absorption," among other processes. *Id.*

IV.      **Commerce's selection of Romania instead of Malaysia**

A.      The Romanian labor surrogate value that Commerce selected pertains to the sectors of "Industry, construction and services (except public administration, defense, compulsory social security)." *See* Letter from Pet'rs, "Comments Concerning the Preliminary Determination" (May 31, 2023) at Ex. 10, PR 78, PJA Tab 12.

Please address whether the Romanian labor data are adequate given that they are not a manufacturing specific labor rate.

3

B.    Please address whether the Romanian import value for chlorine is aberrant in light of this Court's precedent.  *See, e.g.*, *SolarWorld Ams., Inc. v. United States*, 42 CIT __, __, 320 F. Supp. 3d 1341, 1351 (2018); *Best Mattresses Int'l Co. v. United States*, 47 CIT __, __, 622 F. Supp. 3d 1347, 1379 (2023).

    The court prefers to discuss any confidential information all at once, following the public session, at which time those without authorized access to confidential information will be asked to leave the Courtroom or be dropped from the videoconference.

    Parties may raise other issues that they consider to be of highest importance. Thank you for your assistance and cooperation.

Sincerely,

/s/ Timothy M. Reif

_____

Timothy M. Reif, Judge