**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

BIO-LAB, INC., ET AL.

*Plaintiffs and Consolidated Defendant-Intervenors,*

v.

UNITED STATES,

*Defendant,*

AND

JUANCHENG KANGTAI CHEMICAL CO., LTD. AND HEZE HUAYI CHEMICAL CO., LTD.,

*Defendant-Intervenors and Consolidated Plaintiffs.*

Consol. Ct. No. 24-00024

**PLAINTIFFS/CONSOLIDATED DEFENDANT-INTERVENORS' RESPONSE TO CONSOLIDATED PLAINTIFFS/DEFENDANT-INTERVENORS' MOTION TO AMEND THE SCHEDULING ORDER**

Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation (hereinafter "Plaintiffs") respectfully oppose the request by Juancheng Kangtai Chemical Co., Ltd. and Heze Huayi Chemical Co., Ltd. ("Defendant-Intervenors") for a two-week extension of time because this action has already been pending for nearly three years and, following two remands, further delay is unwarranted. Plaintiffs commenced this action on February 2, 2024. *See* ECF No. 1. Since that time, Plaintiffs have not requested any extensions of any deadlines. Plaintiffs have otherwise consented to all requests filed by Defendant-Intervenors or the United States ("Defendant") to extend or amend the deadlines in this action. *See* ECF Nos. 26, 33, 52, 60, 75, 77. That includes one extension sought by Defendant-Intervenors, *see* ECF No. 26, as

well as five extensions sought by Defendant, *see* ECF Nos. 33, 52, 60, 75, 77. Most recently, Plaintiffs consented to Defendant's two requests to extend Commerce's deadline for filing the second remand redetermination, ultimately extending that deadline from July 27, 2026, to October 9, 2026—a total of 74 days. *See* ECF Nos. 75, 77.

The record shows that Plaintiffs have been willing to accommodate reasonable scheduling requests. However, after over two years and two remand proceedings that allowed the parties to submit new factual evidence, narrowed the issues, and provided Defendant-Intervenors with the opportunity to submit comments on two draft remand redeterminations, as well as the first remand redetermination, further delay is unwarranted. The schedule proposed by Defendant-Intervenors contemplates that briefing will not be completed until January 2027 and requests for oral argument may follow. A final decision in this appeal may therefore be forthcoming over three years after the litigation commenced.

The issues presented by Commerce's final remand redetermination are not new and were addressed in comments filed before the Department of Commerce on September 24, 2026. *See* ECF No. 80. The final remand redetermination expressly states that, after considering those comments, Commerce "made no changes to our conclusions in the Draft Results of Redetermination," with the sole exception of its calculation of ocean freight. *Id.* Thus, Commerce's substantive conclusions remain unchanged, and the final remand redetermination presents no materially new issue that Defendant-Intervenors were unable to address, whether in comments to this Court or in comments to Commerce during two remand proceedings.

For these reasons, Plaintiffs respectfully request the Court to deny the extension of time sought by Defendant-Intervenors.

Respectfully submitted,

/s/ James R. Cannon, Jr.

James R. Cannon, Jr.
Chase J. Dunn

**CASSIDY LEVY KENT (USA) LLP**
2112 Pennsylvania Ave NW, Suite 300
Washington, D.C. 20037
Phone: (202) 567-2300
Fax: (202) 567-2301
Email: jcannon@cassidylevy.com

Dated: November 5, 2026

*Counsel to Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation*